UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


RICHARD ANTHONY WILCOX,

        Petitioner,

v.                                      CASE NO. 6:05-cv-1665-Orl-19JGG

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

        Respondents.

_____

## ORDER

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response (Doc. No. 11) to the petition for writ of habeas corpus.  Petitioner was provided with the opportunity to file a reply, but he failed to do so.

*Procedural History*

      Petitioner was charged by information with one count of escape.  Petitioner entered into a plea agreement in which, among other matters, he agreed to enter a plea of guilty to escape.[1]  The trial court held a hearing on the plea and ultimately accepted it.  On June 28, 1991, the trial court adjudicated Petitioner guilty of the crime and sentenced him to imprisonment for a term of five years.  Petitioner did not file a direct appeal.

_____

      [1]The sentence was to run consecutively to a fifteen-year sentence imposed in another case.

On November 2, 2004, Petitioner filed a motion to correct illegal sentence with the state trial court which was denied.[2] Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam* on August 23, 2005. Mandate was issued on September 9, 2005.

**Petitioner's Habeas Petition is Untimely**

Pursuant to 28 U.S.C. § 2244,

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)      the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of

---

[2]Although the motion was actually filed with the trial court on November 8, 2004, under the "mailbox rule," the motion would be deemed filed on November 2, 2004, the date when the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

2

due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2244(d)(1) went into effect on April 24, 1996.   Thus, a prisoner, like Petitioner, whose conviction became final prior to April 24, 1996, had until April 23, 1997, absent any tolling, to file a federal habeas petition regarding such conviction. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions become final before the enactment of the AEDPA must be provided a reasonable time to file their section 2254 petitions, and one year from the effective date is a reasonable period).  Petitioner's federal habeas petition was file-stamped by the Clerk's office on November 7, 2005, but was deemed filed on November 1, 2005, under the mailbox rule.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending.  There was no tolling in this case because Petitioner's postconviction motion was filed after the one-year period had expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000).

Petitioner mentions that the failure to review his untimely petition would "result in a fundamental miscarriage of justice."   The Eleventh Circuit Court of Appeals has

recognized the applicability of equitable tolling to habeas proceedings:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. Equitable tolling is an extraordinary remedy which is typically applied sparingly.

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation omitted) (citations omitted). To show a fundamental miscarriage of justice, a petitioner must show that he (or she) is actually innocent of the crime by presenting new evidence of innocence. *Keller v. Larkins*, 251 F.3d 408, 415-16 (3rd Cir. 2000), *cert. denied*, 534 U.S. 973 (2001). Here, Petitioner has made no showing of actual innocence, and, moreover, he has failed to demonstrate any extraordinary circumstances that unfairly prevented him from asserting his rights.

Any of Petitioner's other allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Richard Anthony Wilcox is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this _26th__ day of June, 2006.

4

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 6/26
Counsel of Record
Richard Anthony Wilcox